IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE CHASE,<br><br>        PLAINTIFF,<br><br>v.<br><br>IMMACULATE MARY HOME,<br><br>   and<br><br>CATHOLIC HEATH CARE SERVICES OF THE ARCHDIOCESE OF PHILADELPHIA,<br><br>        DEFENDANTS. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Tyrone Chase by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Tyrone Chase ("Mr. Chase"), who was formerly employed by the Immaculate Mary Home ("IMH"). Defendant IMH is owned and operated by Defendant Catholic Health Care Services of the Archdiocese of Philadelphia ("CHCSAP"), which acted as a co-employer of Plaintiff with IMH (IMH and CHCSAP are hereinafter collectively referred to as "Immaculate" or "Defendants"). During his employment with Immaculate, Defendants interfered with Mr. Chase's rights under the Family and Medical Leave Act and subjected Mr. Chase to retaliation for taking leave pursuant to the Family and Medical Leave Act and for complaining about FMLA violations.

2. This action arises under the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial district.

## PARTIES

8. Plaintiff Tyrone Chase ("Mr. Chase") is an adult citizen and resident of Philadelphia, Pennsylvania and the United States of America.

9. Defendant Immaculate Mary Home is a business entity duly organized and existing under state law that has a place of business at 2990 Holme Avenue, Philadelphia, Pennsylvania, where Plaintiff was employed.

10. Defendant Catholic Health Care Services of the Archdiocese of Philadelphia is a business entity duly organized and existing under state law that has a place of

business at 2990 Holme Avenue, Philadelphia, Pennsylvania, where Plaintiff was employed.

11. At all relevant times Defendants each are and have been employers employing more than 50 employees.

12. At all relevant times hereto, Defendants each acted by and through their authorized agents, servants and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

13. At all times relevant hereto, Plaintiff was an "employee" of Defendants within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

14. At all relevant times Defendants each are and have been "employers" under the FMLA, and are accordingly subject to the provisions of the FMLA.

## FACTS

15. Mr. Chase was hired by Defendants in or about November of 1998 as a Housekeeper.

16. During his tenure with Defendants, Mr. Chase performed his duties in an excellent manner.

17. Defendants acknowledged Mr. Chase's exemplary performance when Mr. Chase was promoted to the position of Housekeeping Supervisor in or about 2004.

18. Despite this, Mr. Chase was subjected to harassment for exercising his rights under the FMLA, and subsequently was subjected to retaliation for taking time off pursuant to the FMLA and for complaining about the harassment he had been experiencing related to his use of FMLA leave.

19. Mr. Chase has a son who suffers from Cerebral Palsy.

20. As a result, Mr. Chase applied for, and was granted, intermittent FMLA leave so that he could care for his son.

21. After applying for and being granted this leave, Mr. Chase began to experience harassment, including inappropriate comments and questioning regarding the validity of his FMLA approved leave by Ron Voight, his Director.

22. From the time Mr. Chase was approved for FMLA leave through his wrongful termination, Mr. Voight wrote Mr. Chase up for days that should have been classified as FMLA leave.

23. Additionally, Mr. Voight showed a pattern of issuing disciplinary write-ups to Mr. Chase for relatively minor offenses that he otherwise would not have received write-ups for shortly following instances in which Mr. Chase took off time pursuant to the FMLA to care for his son.

24. Mr. Chase repeatedly complained regarding his Director directly to Human Resources, with his most recent complaint occurring in March of 2014, but Mr. Voight continued in his inappropriate conduct.

25. Mr. Chase took three days off pursuant to the FMLA beginning on February 14, 2014 so that he could care for his son as he underwent surgery related to his Cerebral Palsy.

26. He also requested leave pursuant to the FMLA for March 10, 2014 and March 19, 2014 so that he could attend physical therapy with his son.

27. Subsequently, on or about March 28, 2014, Mr. Chase was suspended for allegedly failing to attend a non-mandatory supervisor class on March 19, 2014 – one of the days Mr. Chase had requested off to care for his sick son.

28. Mr. Chase was later terminated for this alleged failure and alleged performance deficiencies on or about April 2, 2014.

29. Defendants' proffered reasons for Mr. Chase's termination is suspect for a number of reasons including its proximity in time to his complaints and most recent requests for leave, the fact that Mr. Chase maintains that he was still eligible for FMLA leave, and the pattern of unwarranted discipline by his Director following taking FMLA leave or for using FMLA leave.

30. Defendants interfered with Mr. Chase's rights under the FMLA.

31. Defendants harassed Mr. Chase on the basis of his taking FMLA leave, and retaliated against Mr. Chase for his complaints regarding this harassment and for taking time off pursuant to the FMLA in violation of the FMLA.

32. Mr. Chase has suffered mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendants.

33. Mr. Chase has suffered financial losses as a proximate result of the actions and inactions of Defendants.

## COUNT I
### The Family and Medical Leave Act, 29 U.S.C. § 2611, et seq.

34. Plaintiff Tyrone Chase repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

35. In interfering with Mr. Chase's rights under the FMLA, harassing Mr. Chase for taking leave pursuant to the FMLA, in retaliating against Plaintiff for his complaints regarding this interference and harassment, and in retaliating against Plaintiff for having previously taken leave pursuant to the FMLA, Defendants violated the FMLA.

36. Defendants' violations of the FMLA were intentional and willful as Defendants knew or should have known of the requirements of the FMLA.

37. Said violations warrant an award of liquidated damages.

38. As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff Tyrone Chase has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

## **PRAYER FOR RELIEF**

39. Plaintiff Tyrone Chase repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Tyrone Chase respectfully requests that this Court enter judgment in his favor and against Defendants and Order:

a. Appropriate equitable relief, including reinstatement or front pay;

b. Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful interference, harassment and retaliation;

c. Defendants pay Plaintiff punitive damages;

d. Defendants pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

e. Defendants pay Plaintiff's attorneys' fees;

f. Plaintiff be granted any and all other remedies available pursuant to the FMLA; and

g. Such other and further relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff Tyrone Chase hereby demands trial by jury as to all issues so triable.

                                                  */s/ James A. Bell IV*
                                                  James A. Bell IV, Esquire
                                                  Pa. Attorney I.D. No.  81724
                                                  Christopher A. Macey, Jr., Esquire
                                                  Pa. Attorney I.D. No. 207800
                                                  Bell & Bell LLP
                                                  1617 JFK Blvd. – Suite 1020
                                                  Philadelphia, PA 19103
                                                  (215) 569-2500

                                                  Attorneys for Plaintiff
                                                  Tyrone Chase

DATED:       November 5, 2014